IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JUAN CERVANTES; RAFAEL ARVIZU; NICOLAS GOMEZ; CESAR NAVA; and ALEJANDRO CRUZ-SANDOVAL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>A.C.F. CUSTOM CONCRETE CONSTRUCTION, INC.; ART C. FISHER; and DOES 1 through 20, inclusive,<br><br>Defendants. | No. C 08-04798 RS<br><br>**ORDER RE: MOTION TO APPROVE SETTLEMENT AGREEMENT AND RELATED MOTIONS** |

The factual and procedural background of this Fair Labor Standards Act ("FLSA") case has been detailed previously and will not be repeated here. *See* Order of October 21, 2009, at 2-3. Briefly, the parties filed a joint motion in September 2009 seeking Court approval of both their settlement agreement and a stipulated injunction. The Court has thus far refrained from ruling on that motion, and has instead issued an order listing several inadequacies in the proposed agreement and affording the parties time to amend. Order of October 21, 2009.

Plaintiffs have now renewed the motion for approval of the settlement agreement and stipulated injunction, and have followed with a separate motion for an award of attorney fees and costs. These motions, which are no longer joint, also request leave to file a first amended complaint ("FAC") and ask the Court to "prohibit retaliation [by defendants] against the named plaintiffs and members of the FLSA class." Defendants, meanwhile, have changed attorneys and now oppose both of plaintiffs' motions. These motions are determinable without oral argument pursuant to Civil Local Rule 7-1(b), and accordingly the hearing scheduled for December 30, 2009, is hereby vacated. As the parties plainly are no longer in agreement on a proposed settlement, plaintiffs' motions for approval of the settlement agreement, the stipulated injunction, and the award of fees and costs must be denied.[1]

As to plaintiffs' request for leave to file their FAC, Federal Rule of Civil Procedure 15 provides, in pertinent part, that a party may amend its pleading once as a matter of course before being served with a responsive pleading, or within 20 days after serving the pleading, if a responsive pleading is not allowed and the action is not yet on the trial calendar. Fed. R. Civ. P. 15(a)(1). In all other cases, Rule 15 provides that a party may amend its pleading only with the opposing party's written consent or with leave of court, which is to be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

In this case, plaintiffs filed their initial complaint on October 20, 2008, and defendants filed their answer on November 17, 2008. Thus, neither of the conditions for amending as a matter of course pursuant to Rule 15(a)(1) applies. Nor have defendants given their written consent to plaintiffs' motion to amend their complaint, pursuant to Rule 15(a)(2); in fact, defendants' opposition to the instant motions does not state a position on this issue.

Although leave to amend under Rule 15(a)(2) is "not to be granted automatically," the Ninth Circuit has nonetheless specified that Rule 15 is to be interpreted with "extreme liberality." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990). "A trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the

---

[1] Of course, further efforts at alternative dispute resolution are encouraged.

litigation, or result in futility for lack of merit. Prejudice to the opposing party is the most important factor." *Id.*

Here, plaintiffs propose to amend their complaint to reflect that this action is purely a FLSA collective action and not a class action under Rule 23. The proposed FAC deletes all mention of Rule 23 and clarifies the class's FLSA status. Although defendants have already filed an answer, which they presumably would wish to amend in response to an FAC, no substantive motions other than the instant motions have been filed in this case. Therefore the prospect of undue delay does not arise. Futility for lack of merit is similarly unlikely. Finally, and most importantly, no immediate or future prejudice would seem to impact defendants should the proposed amendment be permitted, and defendants themselves have offered no reason why they would stand to suffer. Accordingly, plaintiffs' motion to file their FAC is granted, and they should so file within five days of the date of this order.

Finally, plaintiffs request injunctive relief to prohibit retaliatory actions they allege defendants are taking against certain employees who are participating in this lawsuit. Defendants protest that the Social Security Administration "began conducting an investigation into the social security numbers used by several of the defendants[2] before this litigation was initiated" and further that "while [d]efendants have no desire to engage in retribution against any of the plaintiffs, defendants are legally bound to cooperate with any inquiries they receive from governmental agencies."

The FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3), provides that it shall be unlawful for "any person" to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act." The elements of a retaliation claim under §15(a)(3) of the FLSA's anti-retaliation provision are: (1) the plaintiff must have engaged in statutorily protected conduct under §15(a)(3) of the FLSA, or the employer must have erroneously believed that the plaintiff engaged in such conduct; (2) the plaintiff must have suffered some adverse employment

---

[2] It is assumed defendants mean to allege that the SSA is investigating the social security numbers of *plaintiffs*.

NO. C 08-04798 RS
ORDER

3

action; and (3) a causal link must exist between the plaintiff's conduct and the employment action. *Singh v. Jutla & C.D. & R's Oil, Inc.*, 214 F. Supp. 2d 1056, 1059 (N.D. Cal. 2002).

Should plaintiffs wish to pursue a §15(a)(3) claim against defendants, they are entitled to either move to amend their complaint in this action or file a new lawsuit. The Court is unable to pass judgment on the issue based merely on a perfunctory motion for injunctive relief, paired with an equally perfunctory opposition. *See Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 523 n.15 (N.D. Cal. 2004) (rejecting litigants' attempt to cure deficiencies in the complaint by asserting novel claims in a motion to dismiss); *McElroy v. City of Corvallis*, 2007 WL 1170626, at *7 (D. Or. Apr. 17, 2007) (using "dispositive motions practice . . . to assert claims confuses the purpose of the complaint"). In short, this issue is not properly presented, and plaintiffs' motion for injunctive relief is therefore denied.

Counsel shall appear for a status conference on **January 27, 2010, at 2:30 p.m.** in Courtroom 4, 5th Floor, United States Courthouse, 280 South First Street, San Jose, California. No later than **January 20, 2010**, the parties shall file a joint case management statement pursuant to Civil Local Rule 16-9.

IT IS SO ORDERED.

Dated: 12/16/09

RICHARD SEEBORG
UNITED STATES MAGISTRATE JUDGE